IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


S. SHAWN YOVAN,                                          01-CV-3082-BR

    Plaintiff,                                       OPINION AND ORDER

v.

**LITHIA MOTORS, INC.**, an Oregon
corporation; **LITHIA MEDFORD LM, INC.**,
an Oregon corporation, dba Lithia
Toyota, Lincoln, Mercury, Suzuki;
**LITHIA MTLM, INC.**, an Oregon
corporation, dba Lithia Toyota; and
**LITHIA MOTORS SUPPORT SERVICES, INC.**,
an Oregon corporation,

    Defendants.


**G. JEFFERSON CAMPBELL, JR.**
G. Jefferson Campbell, Jr., P.C.
P.O. Box 296
Medford, OR 97501
(541) 776-5025

    Attorneys for Plaintiff

**MATTHEW SUTTON**
220 Laurel Street
P.O. Box 4267
Medford, OR 97501
(541) 772-8050

    Attorney for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment/Alternative Motions for Partial Summary Judgment (#72) and Plaintiff's Motion to Consolidate Action with Pending Consolidated Actions (#105).

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motions and **DENIES** Plaintiff's Motion.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ ALTERNATIVE MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### I.  Facts

The following facts are drawn from the admissible evidence in the record and viewed in the light most favorable to Plaintiff.

#### A.  The State-Court Action

On December 2, 2000, Yovan purchased a 1993 Toyota 4Runner from Defendant Lithia Medford LM, Inc.,[1] pursuant to a Retail Installment Contract.  In February 2001, Lithia Motors, Inc., brought an action against Yovan in Klamath County Circuit Court

---

[1] The numerous Lithia entities, the parties' confusing use of the actual corporate names, the entities' "dba names," and the apparently randomly assigned nicknames render it difficult to track Yovan's allegations concerning the various entities.  The Court, therefore, will refer to each Defendant by its formal corporate name or a close approximation without reference to the dba name.  The Court asks the parties to do the same in future filings in this case.

2 - OPINION AND ORDER

to rescind the sale and to obtain possession of the vehicle. Shortly thereafter the parties stipulated to the transfer of the case to Jackson County Circuit Court. On May 1, 2001, Yovan filed an answer to the complaint.

On September 28, 2001, the Jackson County Circuit Court granted Lithia Motors's motion to amend its complaint to substitute Lithia Medford as the plaintiff.

In May 2003, Yovan filed a fifth amended answer, affirmative defenses and counterclaims. Yovan asserted counterclaims for violation of the Motor Vehicle Information and Cost Savings Act (MVICSA), 49 U.S.C. § 32701, *et seq.*; the Oregon Unlawful Trade Practices Act (OUTPA), Or. Rev. Stat. § 646.605, *et seq.*; and the Oregon Unlawful Debt Collection Practices Act (OUDCPA), Or. Rev. Stat. § 646.639, *et seq.*

After much procedural wrangling, a trial commenced on June 22, 2004, at which some claims were tried to the court and some claims to the jury. After the four-day trial, the jury returned a verdict in favor of Lithia Medford on Yovan's counterclaims brought under MVICSA and OUTPA and in favor of Yovan on his counterclaim under OUDCPA, awarding Yovan $500 in noneconomic damages and $100,000 in punitive damages.

On March 7, 2005, the Jackson County Circuit Court entered a general judgment that reflected the court's rulings and the jury's verdict. The court ruled in favor of Lithia Medford on

its claim for rescission by mutual mistake and ordered the Retail Installment Contract between Yovan and Lithia Medford rescinded. The court also entered judgment in Yovan's favor in accordance with the jury verdict and dismissed all remaining claims and counterclaims with prejudice.

An appeal of the Jackson County Circuit Court judgment is pending.

B.   **The Federal-Court Action**

On August 27, 2001, while the state action was in its pleadings stages, Yovan filed this action against Lithia Medford and alleged violations of MVICSA, OUTPA, and OUDCPA arising from the same transaction at issue in the state action.

On January 25, 2002, Magistrate Judge John P. Cooney recommended the Court grant Defendant's Motion for Stay pending the outcome of the state court litigation.  On March 3, 2002, the Honorable Ann Aiken adopted the Magistrate Judge's Finding and Recommendation and stayed this action.

While the stay was in effect, Yovan filed an Amended Complaint on June 29, 2004, and added Lithia Motors Support Services, Inc.; Lithia Motors, Inc.; and Lithia MTLM, Inc., as Defendants.  Lithia Medford, Lithia MTLM, and Lithia Support Services are wholly-owned subsidiaries of Lithia Motors.

In his Amended Complaint, Yovan asserted six claims for violation of the federal and state Racketeer Influenced and

Corrupt Organizations Acts (RICO and ORICO), 18 U.S.C. § 1961, *et seq.,* and Or. Rev. Stat. § 166.715, *et seq.;* the federal Debt Collection Practices Act, 15 U.S.C. § 1692k; Or. Rev. Stat. §§ 697.015 and 697.087; and common law fraud.

On April 13, 2005, after entry of judgment in the state action, the Court lifted the stay in this matter.

On June 3, 2005, Yovan filed a Second Amended Complaint against the same four Defendants. Yovan asserted the same six claims but changed some of the factual allegations.

On August 16, 2005, this Court denied Yovan's Motion for Leave to File Third Amended Complaint.

Defendants responded to Yovan's Second Amended Complaint by filing their Motion for Summary Judgment/Alternative Motions for Partial Summary Judgment.

**II. <u>Standards</u>**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a

5 - OPINION AND ORDER

reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

When deciding a matter of state law, this Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it. *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001). If no decision by the Oregon Supreme Court is available to guide the Court's interpretation of state law, the Court must predict how the

Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.*

**III. Discussion**

Defendants argue all of Yovan's pending claims are barred by the doctrine of claim preclusion because all of these claims were or could have been litigated in the Jackson County action.

    **A.   Claim Preclusion Bars Yovan's Claims against Lithia Medford.**

To determine the preclusive effect of a state court judgment, a federal court must apply the claim preclusion rules of the state that rendered the underlying judgment. *Qwest Corp. v. City of Portland*, 385 F.3d 1236, 1243 n.10 (9th Cir. 2004).

Under Oregon law, claim preclusion "generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland,* 339 Or. 504, 509 (2005). In particular, claim preclusion bars any action that could have been brought against the same defendant in the original action regardless whether the claim was actually litigated. *Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982).

> '[A] plaintiff who has prosecuted one action
> against a defendant through to a final
> judgment * * * is barred [i.e., precluded]
> * * * from prosecuting another action against
> the same defendant where the claim in the
> second action is one which is based on the

> same factual transaction that was at issue in
> the first, seeks a remedy additional or
> alternative to the one sought earlier, and is
> of such a nature as could have been joined in
> the first action.'

*Drews v. EBI Cos.*, 310 Or. 134, 140 (1990)(quoting *Rennie*, 294 Or. at 323).

Defendants argue: (1) Yovan's pending claims against Lithia Medford in this case arise from the same factual transaction that gave rise to the Jackson County action (Yovan's purchase of a vehicle from Lithia Medford and Lithia Medford's attempted repossession of that vehicle) and (2) all of these claims could have been brought in the Jackson County action. The Court agrees.

Yovan argues he should not be precluded from bringing these claims against Lithia Medford in federal court because the Jackson County Circuit Court denied him leave to amend his answer and counterclaims a sixth time to add these same claims. This fact, however, merely establishes Yovan waited too long to attempt to add these claims to that case. *See In re Lutteman*, 195 Or. App. 124, 127 (2004).

In addition, Yovan argues the Court should not give preclusive effect to the Jackson County judgment because an appeal is pending. A pending appeal, however, does not affect the preclusive effect of a judgment under Oregon law. *Sherwood v. Or. Dep't of Transp.*, 170 Or. App. 66, 73 n.7 (2000).

The Court, therefore, concludes Yovan's claims against Lithia Medford are barred by claim preclusion, and, accordingly, Lithia Medford is entitled to summary judgment as to all of Yovan's claims against it.

**B. Claim Preclusion Does Not Bar Plaintiff's Claims against Lithia MTLM, Lithia Motors, or Lithia Support Services.**

Although they were not parties to the Jackson County litigation, Defendants Lithia MTLM, Lithia Motors, and Lithia Support Services also seek summary judgment on all of the pending claims against them on the basis of claim preclusion to the extent the claims could have been brought in the first action.

As noted, under Oregon law, claim preclusion generally bars a plaintiff from prosecuting a second action against the same defendant. *Whitaker v. Bank of Newport*, 313 Or. 450, 454 (1992)(*en banc*)(claim preclusion "prohibits a plaintiff who has prosecuted an action against a defendant and obtained a final judgment from prosecuting another action against the same defendant."). The Court notes, however, the Oregon Supreme Court has not recognized expressly that principles of claim preclusion necessarily bar a plaintiff who has litigated certain claims to judgment against one defendant from bringing claims against other defendants that arise from the same transaction.

To support their assertion that they are entitled to summary judgment on all of Yovan's pending claims on the basis of claim

9 - OPINION AND ORDER

preclusion generally, Defendants rely on *Western Baptist Home Mission Board v. Griggs*, 248 Or. 204 (1967); *First National Bank of Burns v. Buckland*, 130 Or. 364 (1929); and *Neppach v. Jones*, 28 Or. 286 (1895). These cases, however, do not support Defendants' position.

In *Western Baptist,* the court states the general rule that claim preclusion requires "that parties to both actions be the same." 248 Or. 204, 211 (1967). Although the court also notes identical alignment of parties is not required insofar as "the deletion of a party or parties from the prior suit or the addition of parties to the second suit will not defeat the application of" claim preclusion, the court observed "the only real controversy" in the case involved the same plaintiff and the same defendant and, therefore, the "identity of parties requirement is met" in this case. *Id.* at 211. In particular, the *Western Baptist* court does not hold a defendant in a later action who was not a party to the first action necessarily can bar the later action based on the general preclusive effect of the judgment in the first action.

*First National Bank of Burns* is also distinguishable. In that case, both a party and a nonparty to former litigation successfully prevented the Bank from prosecuting a second action on a defense that it necessarily should have raised in the first action. 130 Or. at 374. In their motion for summary judgment

10 - OPINION AND ORDER

now before this Court, Defendants Lithia MTLM, Lithia Motors, and Lithia Support Services have not established they were necessary or indispensable parties to the Jackson County action. The holding in *First National Bank of Burns*, therefore, does not assist these Defendants.

Finally, in *Neppach v. Jones*, the court enforced the identity-of-parties requirement and gave preclusive effect to a prior judgment between the same original parties when the additional parties-defendants in the second case were not "real parties, having interests to be affected by the litigation." 28 Or. at 288.

Defendants Lithia Motors, Lithia MTLM, and Lithia Support Services also argue they are in privity with Lithia Medford, and, therefore, claim preclusion based on the Jackson County Circuit Court judgment bars the pending claims against them. Defendants rely on *Secor Invs., LLC v. Anderegg,* 188 Or. App. 154 (2003).

In *Secor*, the Oregon Court of Appeals stated, "Oregon courts have consistently reiterated that claim preclusion protects not only parties to previous litigation but also other persons who were in privity with those parties." *Id.* at 166. The *Secor* court, however, apparently misstated Oregon law because it relied on two cases that were decided on grounds of issue preclusion rather than claim preclusion. Although Oregon courts consistently have recognized a nonparty to a first proceeding may

11 - OPINION AND ORDER

assert issue preclusion against the plaintiff in the first action, issue preclusion and claim preclusion are separate doctrines with different rules.

After a thorough search of Oregon case law, this Court has not found any decision in which the Oregon Supreme Court has allowed a defendant who was not a party to a first action to assert claim preclusion generally against a plaintiff in a later action in the manner in which Defendants Lithia Motors, Lithia MTLM, and Lithia Support Services seek to do here. Moreover, these Defendants have not provided any persuasive basis for this Court to predict that the Oregon Supreme Court will permit a defendant who was not a party to a first action to use general principles of claim preclusion (as opposed to issue preclusion) as a sword against the same plaintiff in a later action.

Accordingly, the Court concludes Defendants Lithia Motors, Lithia MTLM, and Lithia Support Services have not satisfied their burden to show they are entitled to judgment as a matter of law on the basis of claim preclusion generally.

**C.  Yovan Is Not Precluded from Asserting an OUTPA Claim against Lithia Motors, Lithia MTLM, and Lithia Support Services.**

Defendants Lithia Motors, Lithia MTLM, and Lithia Support Services also argue Yovan's claim against them for violation of OUTPA is barred by the doctrine of issue preclusion because that claim was actually litigated and determined in the Jackson County

case. The only OUTPA issue litigated in Jackson County, however, was whether Lithia Medford violated OUTPA. These Defendants have not shown their conduct and liability were at issue and actually were litigated in the state case.

Accordingly, the Court concludes Defendants Lithia Motors, Lithia MTLM, and Lithia Support Services are not entitled to summary judgment on the basis of issue preclusion as to Yovan's claim against them for violation of OUTPA.

## **YOVAN'S MOTION TO CONSOLIDATE ACTION WITH PENDING CONSOLIDATED ACTIONS**

"When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." Fed. R. Civ. P. 42(a). The district court has broad discretion to consolidate cases pending in the same district. *Investors Research Co. v. Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

Yovan moves to consolidate this action with two cases currently pending and consolidated before the Honorable Michael R. Hogan in this District: *Phillips v. Lithia Motors*, No. 03-CV-3109-HO, and *Allen v. Lithia Motors*, No. 04-CV-3032-HO. The two cases, however, involve different plaintiffs and several additional defendants. The *Phillips* case involves 24 defendants, including five lenders and 14 individuals, none of whom are parties to the case before this Court. Moreover, the *Phillips*

13 - OPINION AND ORDER

and *Allen* cases present different factual situations.

In the exercise of its discretion, the Court, therefore, concludes consolidation of this case with the *Phillips* and *Allen* cases will unnecessarily complicate all of the cases and likely will delay the final resolution of this case. Accordingly, the Court denies Yovan's Motion to Consolidate.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment/Alternative Motions for Partial Summary Judgment (#72) and **DENIES** Plaintiff's Motion to Consolidate Action with Pending Consolidated Actions (#105).

Accordingly, the Court **DISMISSES** Yovan's pending claims against Defendant Lithia Medford; directs Defendants Lithia MTLM, Lithia Motors, and Lithia Support Services to answer Plaintiff's Second Amended Complaint no later than January 23, 2006; and directs the parties to submit no later than January 30, 2006, a Joint Proposed Case Management Plan setting forth a schedule for completion of discovery and proposed dates for trial.

IT IS SO ORDERED.

DATED this 4th day of January, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge